UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANEL THOMAS WILKERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-407-HAB-SLC |
| HOGLE, | |
| Defendant. | |

OPINION AND ORDER

Nathanel Thomas Wilkerson, a prisoner without a lawyer, filed a complaint against Correctional Officer Hogle. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilkerson alleges that, on October 18, 2022, Correctional Officer Hogle conducted a routine search of Wilkerson's cell. Hogle removed a bottle of baby lotion from his shower bag that was a quarter of a way full. Hogle said that he could not tell what was in the bottle, and he threw it in the trash. The assisting officer suggested he return it because there was still some lotion left in the bottle. It is unclear if the bottle

was returned. Wilkerson does not mention any first amendment activity in his complaint, but he refers to "adverse actions" and "retaliational tactics." ECF 1 at 3.

"To prevail on his First Amendment retaliation claim, [Wilkerson] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). The cover letter that accompanies the complaint suggests that Hogle's behavior was motivated by Wilkerson's filing of lawsuits against other officers at the Allen County Jail. Wilkerson has not included any factual allegations that support his conclusory claim that there is a link between the lawsuits he has filed and Officer Hogle's behavior. However, even if he had pled facts linking them, he could not proceed because he has not suffered a deprivation that would likely deter First Amendment activity in the future.

When determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Holleman v. Zatecky*, 951 F.3d 873, 880-81 (7th Cir. 2020). "[T]he harsh realities of a prison environment affect our consideration of what actions are sufficiently adverse. 'Prisoners may be required to tolerate more than public employees, who may

2

be required to tolerate more than average citizens, before an action taken against them is considered adverse.'" *Holleman*, 951 F.3d at 880-81 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)). "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982). Throwing away a bottle of baby lotion during a routine cell search is simply not the kind of adverse action that would deter a person of ordinary firmness from engaging in future First Amendment activity.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on November 15, 2022.

                                                 s/ Holly A. Brady
                                                 JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT